# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION
### CHAPTER 13 PLAN

Debtor(s):  **Robert Mack Willis, Jr.**                                    Case No:  **8:12-bk-06899-KRM**

[_____ Amended (if applicable)] Chapter 13 Plan

**1. MONTHLY PLAN PAYMENTS:** Including Trustee's fee of 10% and beginning thirty (30) days from filing/conversion date. Debtor[1] to pay to the Trustee for the period of ___ **60** ___ months. In the event the Trustee does not retain the full 10%, any portion not retained will be paid to unsecured creditor's pro-rata under the plan:

A.  $ **233.00** _____ for months **1** _____ to **60** _____ ;
B.  $ _____ for months _____ to _____ ;
C.  $ _____ for months _____ to _____ ;

in order to pay the following creditors:

**2. ADMINISTRATIVE ATTORNEY FEE: $ ___3,600.00___   TOTAL PAID $ ___3,600.00___**

**Balance Due $ ___0.00___ Payable Through Plan $ ____ Monthly**

**3. PRIORITY CLAIMS: [as defined in 11 U.S.C. §507]**

| Name of Creditor | Total Claim |
| --- | --- |
| -NONE- | |

**TRUSTEE FEES:** Trustee shall receive a fee from each payment received, the percentage of which is fixed periodically by the United States Trustee.

**SECURED CLAIMS:**

**Pre-Confirmation Adequate Protection Payments:** No later than 30 days after the date of the filing of this Plan or the Order for Relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to §1326(a)(1)(C). If the Debtor makes such adequate protection payments on allowed claims to the Trustee pending confirmation of the Plan, the creditor shall have an administrative lien on such payment(s), subject to objection.

| Name of Creditor | Collateral | Adequate Protection Payment in Plan |
| --- | --- | --- |
| -NONE- | | |

**(A) Claims Secured by Real Property Which Debtor Intends to Retain / Mortgage Payments Paid Through the Plan**: Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly post-petition mortgage payments to the Trustee as part of the plan. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the post-petition mortgage payments on the following mortgage claims:

| Name of Creditor | Collateral | Estimated Payment |
| --- | --- | --- |
| -NONE- | | |

**(B) Claims Secured by Real Property Which Debtor Intend(s) to Retain / Arrearages Paid Through the Plan:** In addition to the provisions in Paragraph A above requiring all post-petition mortgage payments to be paid to the Trustee as part of the Plan, the Trustee shall pay the pre-petition arrearages on the following mortgage claims:

| Name of Creditor | Collateral | Arrearages |
| --- | --- | --- |
| -NONE- | | |

[1] All references to "Debtor" includes and refers to both of the debtors in a case filed jointly by two individuals.

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

**(C) Claims Secured by Real Property/Debtor Intends to Seek Mortgage Modification:** Pending the resolution of a mortgage modification request, the Debtor shall make the following adequate protection payments to the Trustee, calculated at 31% of the Debtor's gross monthly income. Absent further order of this Court, the automatic stay shall terminate effective 6 months after the filing of the Debtor's bankruptcy petition:

| Name of Creditor | Collateral | Payment Amt (at 31%) |
|---|---|---|
| -NONE- | | |

**(D) Claims Secured by Personal Property to Which Section 506 Valuation is NOT Applicable Secured Balances:** Upon confirmation of the Plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

| Creditor | Collateral | Ad. Prot Pmt. | Sec. Balance | Interest @ _____%. |
|---|---|---|---|---|
| -NONE- | | | | |

**(E) Claims Secured by Personal Property to Which Section 506 Valuation is Applicable:**

| Creditor | Collateral | Ad. Prot Pmt. In Plan | Value | Interest @ ____ |
|---|---|---|---|---|
| -NONE- | | | | |

**(F) Claims secured by Personal Property: Regular Adequate Protection Payments and any Arrearages Paid in Plan:**

| Name of Creditor | Collateral | Ad. Prot. Pmt. In Plan | Arrearages |
|---|---|---|---|
| -NONE- | | | |

**(G) Secured Claims/Lease Claims Paid Direct by the Debtor:** The following secured claims/lease claims are to be paid direct to the creditor or lessor by the Debtor outside the Plan. The automatic stay is terminated *in rem* as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate any codebtor stay or to abrogate the Debtor's state law contract rights. The Plan must provide for the assumption of lease claims in the Lease/Executory Contract section below.

| Name of Creditor | Property/Collateral |
|---|---|
| Bank of America Mortgage | Homestead 4408 26th Ave E, Bradenton, FL 34208 |
| Bank of Ozarks | 2006 Ford F350 $16000, 2006 F250 $15000, 2004 F-450$13000 |
| Bank of Ozarks | 2010 Harley Davidson $25000, 2003 Harley Davidson $6000 |
| Bank of Ozarks | Business Equipment used in Robert Willis Lawn Care Sole Proprietorship- 4 mowers, tractor, side by side utility vehicle, blowers, edgers, weed eaters, and misc lawn tools, etc. |
| GECRP | 2006 Can Am 800 ST ATV |
| Wells Fargo Bank | 2008 Raptor 5th Wheel- used for business |

**(H) Surrender of Collateral/Leased Property:** Debtor will surrender the following collateral/leased property no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. The automatic stay is terminated *in rem* as to these creditors/lessors upon the filing of this Plan. Nothing herein is intended to lift any applicable codebtor stay or to abrogate Debtor's state law contract rights. The Plan must provide for the rejection of lease claims in the Lease/Executory Contract section below.

| Name of Creditor | Property/Collateral to be Surrendered |
|---|---|
| Bank of Ozarks | rental property 3307 21st Ave Dr W Bradenton, FL |
| Bank of Ozarks | 2006 Harley Davidson- sold to Johnny Nelson who has assumed loan payments |
| Manatee County Tax Collector | rental property 3307 21st Ave Dr W Bradenton, FL |

**SECURED-LIENS TO BE AVOIDED/STRIPPED:**

| Name of Creditor | Collateral | Estimated Amount |
|---|---|---|
| -NONE- | | |

**LEASES/EXECUTORY CONTRACTS:**

| Name of Creditor | Property | Assume/Reject-Surrender | Estimated Arrears |
|---|---|---|---|
| -NONE- | | | |

**UNSECURED CREDITORS:** Unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid pursuant to the provisions of a subsequent Order Confirming Plan. The

2

estimated dividend to unsecured creditors is $   **12,709.20**   .

## ADDITIONAL PROVISIONS:

1. Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims;

2. Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as may be allowed by a specific Order of the Bankruptcy Court.

3. Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

4. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.  The Trustee shall only make payment to creditors with filed and allowed proof of claims.  An allowed proof of claim will be controlling, unless the Court orders otherwise.

5. Case Specific Provisions:


**/s/ Robert Mack Willis, Jr.**          Debtor                    Dated: **May 16, 2012**

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy